# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

No. 22-50099
Summary Calendar

Dustin Wayne Nall,

*Plaintiff—Appellant*,

*versus*

Dr. Benjamin Yee; Katherine Rediske; Rebecca McDow;
Valencia Pollard-Fortson; Step 2 Medical Grievance
Program Office of Professional Standards Division,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-15

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dustin Nall, a Texas prisoner, filed this 42 U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to serious medical needs. The district court dismissed his suit after granting the defendants' motion

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50099

for summary judgment. On appeal, Nall insists that defendants Dr. Benjamin Yee, Katherine Rediske, Rebecca McDow, and Valencia Pollard-Fortson acted with deliberate indifference to his serious medical needs and are not entitled to qualified immunity because they did not take certain actions with respect to his medical care.[1] We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

First, Nall alleges that Dr. Yee "intentionally treated him incorrectly" and "ignored his complaints" because Dr. Yee prescribed medications he knew caused adverse side effects to Nall instead of Nall's preferred medications. Disagreement with medical treatment or decisions whether to provide additional treatment does not constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Medical records reveal that Dr. Yee did not prescribe Nall's desired medications because of those medications' high risk of abuse and misuse, not because of his indifference to Nall. And Nall presented no evidence showing Dr. Yee otherwise ignored his requests or intentionally treated him incorrectly. Nall's medical records, in fact, show that Dr. Yee continuously provided mental health treatment to Nall for several years.

Nall also alleges Rediske was deliberately indifferent to his medical needs because he continued to respond to sick calls and embarrassed Nall in front of correctional officers. Nall fails to create a material fact issue because *caring* for Nall's medical needs, apparently against Nall's wishes, cannot also be deliberate *indifference*. Furthermore, embarrassment, even if true, is not deliberate indifference.

---

[1] On appeal, Nall does not challenge summary judgment for the Step 2 Medical Grievance Program Office of Professional Standards Division.

No. 22-50099

Because Nall fails to allege Dr. Yee and Rediske violated a clearly established constitutional right, there is no alleged violation to attribute to McDow, the alleged supervisor, or Pollard-Fortson, who reviews prisoner grievances.

For the foregoing reasons, the judgment of the district court is AFFIRMED.